# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM HOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:08CV00068 DDN |
| | ) | |
| LINDA HIRNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of William Holden (registration no. 514504), an inmate at Farmington Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $1.23. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Linda Hirner (Jail Administrator, Marion County Jail), Jimmy Shinn (Captain, Marion County Sheriff's Office), Unknown Robertson (Deputy, Marion County Sheriff's Office), Scott Unknown (Custody Officer, Marion County Jail), Dave Unknown (same), Barb Unknown (same), Carla Unknown (same), Bill Unknown (same), Brian Unknown (same), Unknown Shotick (Doctor, Marion County Jail), Peggy Porter (Nurse, Marion County Jail), Thomas Reddington (Prosecutor, Marion County), and Robert Clayton (Circuit Judge, Marion County). Plaintiff seeks monetary relief.

Plaintiff alleges that he entered Marion County Jail as a pretrial detainee on August 23, 2007. Plaintiff claims that due to preexisting medical conditions he was placed in the protective custody pod. Plaintiff says that there were three other inmates in the protective custody pod who had assaulted other inmates, and plaintiff claims that he told defendants Dave Unknown, Barb Unknown and Brian Unknown that these inmates were violent.

Plaintiff states that on October 15, 2007, he was attacked by the three violent inmates. Plaintiff claims that, as a result of the attack, he sustained severe injuries to his teeth and gums, neck and shoulders, lower back, abdomen, genitals, and legs.

Plaintiff alleges that immediately after the attack defendant Robertson interviewed plaintiff and took pictures of plaintiff's injuries. Plaintiff claims that after the interview was conducted Dave Unknown and Barb Unknown placed plaintiff back in the protective custody unit and told him to wait there until defendant Hirner approved medical intervention for plaintiff's injuries.

Plaintiff claims that Dave Unknown and Barb Unknown failed to provide plaintiff with any medical attention before they went off shift at 11 p.m. Plaintiff says that Defendant Scott Unknown came on shift at 11 p.m. and called Hirner to request that plaintiff receive medical attention. Plaintiff alleges that Scott Unknown informed plaintiff at about 1 a.m. that Hirner refused to authorize any medical intervention for

plaintiff besides Ibuprofen and an ice pack. Plaintiff maintains that Scott Unknown then left the protective custody pod for the rest of the night. Plaintiff claims that at this time he was suffering from shortness of breath, chest pain, inability to walk, uncontrollable shaking, and excessive pain. Plaintiff states that the other inmates assisted him throughout the night, taking him to the shower as necessary.

Plaintiff claims that at 7:00 a.m the following day, defendant Carla Unknown came on shift. Plaintiff alleges that Carla Unknown refused to give him anything for his pain or to call Hirner and request medical attention.

Plaintiff says that defendant Porter, the Jail's nurse, came on shift in the morning but refused to evaluate him until about 11 a.m. Plaintiff claims that Porter did not conduct a thorough evaluation of his injuries and that she made derogatory comments to him. Plaintiff alleges that Porter gave him Ibuprofen and told him she would reevaluate him after a few days.

Plaintiff alleges that he continued to have complications from his injuries, including difficulty walking and infected teeth, for weeks after the incident. Plaintiff claims that despite the complications he was refused any medical attention from "the Medical Department."

Through his appointed public defender, plaintiff filed a "Motion for Medical Furlough" with Judge Clayton, who was presiding over plaintiff's criminal action. Plaintiff claims that Judge Clayton denied the motion.

In November 2007 plaintiff was informed that defendant Reddington had decided not to file formal charges against the inmates who assaulted plaintiff.

Plaintiff claims that he saw defendant Shotick on March 6, 2008, and that Shotick refused to treat his injuries.

**Discussion**

The complaint survives initial review as to defendants Linda Hirner, Scott Unknown, Dave Unknown, Barb Unknown, Carla Unknown, Brian Unknown, Unknown Shotick, and Peggy Porter. As a result, the Court will order these defendants to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that

defendants Shinn, Robertson, Bill Unknown, Reddington, or Clayton were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Additionally, the complaint is legally frivolous as to defendant Clayton because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). And the complaint is legally frivolous as to defendant Reddington because where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Linda Hirner, Scott Unknown, Dave Unknown, Barb Unknown, Carla Unknown, Brian Unknown, Unknown Shotick, and Peggy Porter.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Linda Hirner, Scott Unknown, Dave Unknown, Barb Unknown, Carla Unknown, Brian Unknown, Unknown Shotick, and Peggy Porter shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Jimmy Shinn, Unknown Robertson, Bill Unknown, Thomas Reddington, or Robert Clayton because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted.

---

[1] Each of these defendants are alleged to be employees of the Marion County Jail. Complaint at 3, 6.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

So Ordered this 6th Day of January, 2009.

                                                    E. RICHARD WEBBER
                                                    UNITED STATES DISTRICT JUDGE